Slip Op. 19-58

# UNITED STATES COURT OF INTERNATIONAL TRADE

OMG, INC.,

                Plaintiff,

v.

UNITED STATES,

                Defendant,

and

MID CONTINENT STEEL & WIRE INC.,

                Defendant-Intervenor.

Before: Gary S. Katzmann, Judge
Court No. 17-00036

## OPINION

[United States Department of Commerce's Final Results of Redetermination Pursuant to Court Remand are sustained.]

Dated: May 14, 2019

Ned H. Marshak, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, NY, argued for plaintiff. With him on the brief were David M. Murphy and Andrew T. Schutz.

Sosun Bae, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant. With her on the brief were Joseph H. Hunt, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel was David W. Campbell, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce of Washington, DC.

Adam H. Gordon, The Bristol Group PLLC, of Washington, DC, argued for defendant-intervenor. With him on the brief was Ping Gong.

      Katzmann, Judge: The court returns again to the question of whether plaintiff OMG, Inc.'s ("OMG's") zinc anchor products are nails. Before the court now is the United States Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand (Dep't

Commerce Aug. 27, 2018) ("Remand Results"), ECF No. 49, which the court ordered in OMG, Inc. v. United States, 42 CIT __, 321 F. Supp. 3d 1262 (2018).  Under protest, Commerce found that OMG's zinc anchors were outside the scope of Certain Steel Nails from the Socialist Republic of Vietnam: Countervailing Duty Order, 80 Fed. Reg. 41,006 (July 14, 2015) and Certain Steel Nails from the Republic of Korea, Malaysia, the Sultanate of Oman, Taiwan, and the Socialist Republic of Vietnam: Antidumping Duty Orders, 80 Fed. Reg. 39,994 (July 13, 2015) (collectively the "Orders").  OMG requests that the court sustain the Remand Results and clarify the bases of its original remand order.  Pl.'s Comments on the Dep't of Commerce's Final Results of Redetermination Pursuant to Court Remand ("Pl.'s Br."), Sept. 26, 2018, ECF No. 52.  Defendant-Intervenor Mid Continent Steel & Wire, Inc. ("Mid Continent") requests that the court reconsider its previous decision and remand order.  Def.-Inter.'s Comments on Remand Redetermination ("Def-Inter.'s Br."), Sept. 28, 2018, ECF No. 28.  The court sustains Commerce's Remand Results.

## BACKGROUND

The relevant legal and factual background of the proceedings involving OMG has been set forth in greater detail in OMG, 321 F. Supp. 3d at 1265–68.  Information pertinent to the instant case is set forth below.

On February 6, 2017, Commerce determined that OMG's zinc anchors fell within the scope of antidumping and countervailing duty orders covering steels nails from Vietnam.  Certain Steel Nails from the Socialist Republic of Vietnam: Final Scope Ruling on OMG, Inc.'s Zinc Anchors (Feb. 6, 2017), P.D. 29 ("Final Scope Ruling").  OMG appealed the Final Scope Ruling to this court, arguing that its anchors are not steel nails and, thus, could not fall within the scope of the orders.  In OMG, 321 F. Supp. 3d at 1268–69, the court held that the plain language of the Orders excluded OMG's zinc anchors, and remanded to Commerce for redetermination consistent with

its opinion. On July 31, 2018, Commerce issued a Draft Remand Redetermination in which it found, under respectful protest, that OMG's anchors are outside the scope of the Orders. See Remand Results at 2. OMG and Mid Continent submitted timely comments in response, see id., and Commerce issued its Remand Results on August 27, 2018, see generally id. Under respectful protest, Commerce again found that OMG's zinc anchors fell outside the scope of the Orders. Id. at 2, 4, 6–8. OMG and Mid Continent submitted their comments on the Remand Results on September 26, 2018, and September 28, 2018, respectively. Pl.'s Br.; Def.-Inter.'s Br. Defendant the United States submitted its reply to these comments on October 11, 2018. Def.'s Resp. to Pl.'s Comments on the Dep't of Commerce's Final Result of Redetermination, ECF No. 55.

## DISCUSSION

Commerce's Remand Results are consistent with the court's remand order and previous opinion. Even so, Commerce and Mid Continent express concerns about the court's use of dictionaries in interpreting the plain language of the scope, whether the court considered the scope language stating that "steel nails may . . . be constructed of two or more pieces," and whether the court's decision is consistent with the Federal Circuit's opinion in Meridian Prods., LLC v. United States, 890 F.3d 1272 (Fed. Cir. 2018). Remand Results at 6–8; Def.-Inter.'s Br. at 2–5. These asserted concerns are not meritorious. The court based its conclusion in OMG, 321 F. Supp. 3d at 1268–69, not only on dictionary definitions of nails, see NEC Corp. v. Dep't Commerce, 23 CIT 727, 731, 74 F. Supp. 2d 1302, 1307 (1999), but also upon close consideration of all of the scope language in the Orders -- including the phrase "of two or more pieces" -- and record evidence, including evidence of trade usage, see ArcelorMittal Stainless Belg. N.V. v. United States, 694 F.3d 82, 87 (Fed. Cir. 2012). OMG's zinc anchor is simply not a nail "constructed of two or more pieces" because, as discussed in OMG, 321 F. Supp. 3d at 1269, it does not function like a nail

and because record evidence demonstrates that anchors like OMG's are considered a separate type of product from nails by the relevant industry. Meridian Prods., 890 F.3d 1272, does not undermine this analysis or determination.

## CONCLUSION

Commerce's Remand Results are sustained.

**SO ORDERED.**

                                                  /s/ Gary S. Katzmann
                                                Gary S. Katzmann, Judge

Dated: May 14, 2019
        New York, New York